UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| COSTAS PROVISIONS CORP.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED GLOBAL HOLDINGS INC.,<br>UNITED GLOBAL TRADING CORP.,<br>CV2 LABS LLC, SEAN PRICE, JASON<br>DUNCAN, and BANK OF AMERICA,<br>Trustee,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 1:23-cv-12895-JEK<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER ON
## PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT

This is a breach of contract case. Plaintiff Costas Provisions Corp. alleges that it paid for orders of gloves during the COVID-19 pandemic that defendants United Global Holdings Inc. ("UGH"), United Global Trading Corp. ("UGT"), CV2 Labs LLC, Sean Price, and Jason Duncan did not deliver. At Costas Provisions' request, the clerk entered notices of default against UGH, UGT, and CV2 Labs when they failed to answer or defend after being served. Costas Provisions then moved for default judgment against UGH and UGT, and separately against CV2 Labs. Because Costas Provisions has not established that the Court has subject matter jurisdiction over this case, its motions will be denied without prejudice to renewal.

### BACKGROUND

Costas Provisions brought this action on November 29, 2023. Its complaint asserts a breach of contract claim against UGH, UGT, and CV2 Labs (Count I); violations of M.G.L. c. 93A, §§ 2, 11 against all defendants (Count II); a fraudulent misrepresentation claim against all defendants

(Count III); a conversion claim against UGH, UGT, CV2 Labs, Sean Price, and Jason Duncan (Count IV); an unjust enrichment claim against all defendants (Count V); a violation of the implied covenant of good faith and fair dealing against all defendants (Count VI); an entitlement to recovery under quantum meruit against all defendants (Count VII); and an entitlement to pre-judgment injunctive relief by trustee process against UGH, UGT, CV2 Labs, Sean Price, and Jason Duncan through trustee defendant Bank of America, N.A. ECF 1, ¶¶ 18-97.

On June 14, 2024, Costas Provisions filed proof of service for UGH, UGT, and CV2 Labs. Three weeks later, on July 8, Costas Provisions requested notices of default against UGH, UGT, and CV2 Labs pursuant to Federal Rule of Civil Procedure 55(a). The clerk granted Costas Provisions' requests and entered the notices of default on August 1. On August 29, Costas Provisions filed two motions for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1). It seeks $381,407.77 from UGH and UGT, and $285,187.36 from CV2 Labs—sums that include damages, attorney's fees, costs, and expenses—plus interest that has accrued since the filing of the complaint. ECF 31, at 7; ECF 31-2, ¶¶ 19-21; ECF 32, at 6; ECF 32-2, ¶¶ 19-21.

## DISCUSSION

Federal Rule of Civil Procedure 55 establishes a two-step process for entry of a default judgment. First, "the clerk must enter" a notation of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Second, default judgment may be entered if the court (1) "has jurisdiction over the subject matter and parties," (2) "the allegations in the complaint state a specific, cognizable claim for relief," and (3) "the defaulted party had fair notice of its opportunity to object." *In re The Home Rests., Inc.*, 285 F.3d 111, 114 (1st Cir. 2002). Where "the plaintiff's claim is for a sum certain" and is supported by "an affidavit showing the amount

2

due," default judgment may, "on the plaintiff's request," be entered without a hearing. Fed R. Civ. P. 55(b)(1).

Costas Provisions fails to meet the prerequisites for default judgment because it has not satisfied the Court of its subject matter jurisdiction. Costas Provisions alleges that the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship among the parties. ECF 1, ¶ 8. While the complaint seeks damages over the $75,000 threshold, *see* ECF 1-2, at 1, it does not allege sufficient facts to assure the Court that the parties are completely diverse. In particular, defendant CV2 Labs is a limited liability company whose citizenship, for purposes of diversity jurisdiction, is determined by "the citizenship of all of its members." *BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 696 (1st Cir. 2023). The complaint alleges that CV2 Labs is registered in Georgia and that Jason Duncan is a registered agent at the same address. ECF 1, ¶ 4. But it fails to identify the members of CV2 Labs and the citizenship of those members. And Costas Provisions has not introduced further evidence, by affidavit or otherwise, of the identity and citizenship of CV2 Labs' members.

The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 48 (1st Cir. 2009). Costas Provisions has not met that burden because it has not provided the jurisdictional facts needed to determine the citizenship of the members of CV2 Labs. Accordingly, its motions for default judgment will be denied without prejudice.

Should Costas Provisions file renewed motions for default judgment that demonstrate diversity jurisdiction, the Court makes the following observations. First, the complaint and present motions for default judgment do not attach a copy of the contracts that were breached. Such

contracts are likely necessary for the Court to assess whether Costas Provisions' claims are for a "sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). Second, the complaint and present motions do not specify whether, under the contract, UGH and UGT are jointly and severally liable, or instead whether Costas Provisions seeks distinct sums against these separate entities. Third, as "[t]he party seeking the award" for attorney's fees, Costas Provisions "has the burden of producing materials that support the request," which "should include counsel's contemporaneous time and billing records, suitably detailed, and information anent the law firm's standard billing rates." *Hutchinson ex rel. Julien v. Patrick*, 636 F.3d 1, 13 (1st Cir. 2011) (citations omitted).

## CONCLUSION AND ORDER

For the foregoing reasons, Costas Provisions' motions for default judgment, ECF 31 and 32, are DENIED without prejudice.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: October 30, 2024