UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| COSTAS PROVISIONS CORP., <br><br> Plaintiff, <br><br> v. <br><br> UNITED GLOBAL HOLDINGS INC., UNITED GLOBAL TRADING CORP., CV2 LABS LLC, SEAN PRICE, JASON DUNCAN, and BANK OF AMERICA, Trustee, <br><br> Defendants. | No. 1:23-cv-12895-JEK |

## ORDER OF DISMISSAL

Plaintiff Costas Provisions Corp. alleges that defendants United Global Holdings Inc. ("UGH"), United Global Trading Corp. ("UGT"), CV2 Labs LLC, Sean Price, and Jason Duncan failed to deliver gloves that Costas Provisions ordered and paid for during the COVID-19 pandemic. Because Costas has not established that the Court has subject matter jurisdiction over this matter, even after the Court permitted Costas to seek jurisdictional discovery, the case will be dismissed without prejudice to refiling in a Court of competent jurisdiction.

### BACKGROUND

Costas initiated this case on November 29, 2023, asserting a breach of contract claim against UGH, UGT, and CV2 Labs (Count I); violations of M.G.L. c. 93A, §§ 2, 11 against all defendants (Count II); a fraudulent misrepresentation claim against all defendants (Count III); a conversion claim against all defendants (Count IV); an unjust enrichment claim against all defendants (Count V); a violation of the implied covenant of good faith and fair dealing against all defendants (Count VI); an entitlement to recovery under quantum meruit against all defendants

(Count VII); and an entitlement to pre-judgment injunctive relief by trustee process against all defendants through trustee defendant Bank of America, N.A. (Count VIII). ECF 1, ¶¶ 18-97.

On August 1, 2024, at Costas' request, the clerk entered notices of default against UGH, UGT, and CV2 Labs after they did not appear or answer the complaint. ECF 21-23, 25-27. Costas then filed two motions for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1). ECF 31, 32. Those motions were denied without prejudice because Costas failed to demonstrate that this Court has subject matter jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332(a). ECF 33, at 3. In particular, the Court noted because CV2 Labs is a limited liability company, its "citizenship, for purposes of diversity jurisdiction, is determined by 'the citizenship of all of its members.'" *Id.* (quoting *BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 696 (1st Cir. 2023)). The complaint alleged that CV2 Labs is registered in Georgia and that Jason Duncan is a registered agent at the same address. ECF 1, ¶ 4. But it failed to identify the members of CV2 Labs and the citizenship of those members. And Costas Provisions had not introduced further evidence, by affidavit or otherwise, of the identity and citizenship of CV2 Labs' members. ECF 33, at 3. The Court could not, accordingly, know whether there existed complete diversity between the parties, as required by 28 U.S.C. § 1332.

After four months of silence on the docket, the Court entered an order requiring Costas to show cause why the case should not be dismissed for failure to prosecute or for lack of subject matter jurisdiction. ECF 34. In its response to the order, Costas offered additional facts regarding the parties' citizenship and requested that the Court permit it to conduct limited jurisdictional discovery should it deem those facts insufficient to establish subject matter jurisdiction. ECF 35, at 3-5. On June 3, 2025, the Court determined that Costas still had not met its burden to prove subject matter jurisdiction but granted it 45 days to conduct jurisdictional discovery regarding CV2

Labs' membership and the citizenship of its members. ECF 36. The Court also ordered Costas to file a status report by July 18, 2025. *Id.* That period of jurisdictional discovery has now elapsed, and to date, Costas has not filed a status report.

## DISCUSSION

"'[A] court has an obligation to inquire sua sponte into its subject matter jurisdiction.'" *Godin v. Schencks*, 629 F.3d 79, 83 (1st Cir. 2010) (quoting *In re Recticel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir. 1988)); *accord United States v. Univ. of Massachusetts, Worcester*, 812 F.3d 35, 44 (1st Cir. 2016). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, Costas invokes 28 U.S.C. § 1332(a) as the basis for the Court's subject matter jurisdiction. ECF 1, ¶ 8. A plaintiff claiming subject matter jurisdiction based on diversity must establish that the amount in controversy exceeds $75,000 and that there exists complete diversity of citizenship among the parties. 28 U.S.C. § 1332(a). As detailed in the Court's June 3, 2025 order, Costas has failed to carry its burden to assure the Court that the parties are completely diverse. *See* ECF 36; *Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 48 (1st Cir. 2009) ("The party invoking federal jurisdiction has the burden of establishing that the court has subject matter jurisdiction over the case."). First, Costas has failed to establish its own citizenship because it has not set forth its principal place of business and instead listed its registered address in the complaint and its corporate disclosure statement. *See BRT Mgmt.*, 68 F.4th at 696 ("[A] corporation is 'considered a citizen of the State where it has its principal place of business,' as well as a citizen of its state of incorporation." (quoting *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016))); ECF 1, ¶ 1; ECF 2. Second, Costas has not identified CV2 Labs' members and their

citizenship, as required to establish CV2 Labs' citizenship. *See BRT Mgmt.*, 68 F.4th at 696 (limited liability company's citizenship is determined by the citizenship of each of its members).

The Court cannot be assured that it has subject matter jurisdiction under 28 U.S.C. § 1332 without satisfactory evidence concerning Costas' citizenship and CV2 Labs' members and their citizenship. *Id.* And Costas has not demonstrated that it intends to pursue the discovery it needs to obtain that evidence. Costas failed to comply with this Court's order requiring it to file a status report by July 18, 2025 on the status of its jurisdictional discovery. ECF 36; *cf. Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) ("disobedience of court orders . . . warrants dismissal"); *Diaz-Santos v. Dep't of Educ. of the Commonwealth of Puerto Rico*, 108 F. App'x 638, 640 (1st Cir. 2004) (the Court has "the power to act *sua sponte* to dismiss a suit for failure to prosecute"). It has not sought an extension of time within which to conduct jurisdictional discovery, nor has it filed an updated corporate disclosure statement listing its principal place of business. This case is more than a year-and-a-half old. Under the circumstances, it is appropriate, at this juncture, to dismiss this case for lack of subject matter jurisdiction. Such dismissal will be without prejudice to Costas' ability to refile this action in a Court of competent jurisdiction.

## CONCLUSION AND ORDER

For the foregoing reasons, Costas' claims are DISMISSED without prejudice for lack of subject matter jurisdiction.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: July 30, 2025